## Nickels v. Mineral Development Co.

(Decided February 12, 1913.)

Appeal from Letcher Circuit Court.

1. Land—Action Under Section 499, Civil Code, for Division of Land —Pleading.—In an action under section 499 of the Civil Code for

a division or partition of land held jointly, while the petition is uncertain as to the relief desired, as amended it contains all the material allegations necessary to a partition, and is a substantial compliance with the provision of the Code.

2.   Land—Action for Division of Land—Description—Pleading—Exhibits.—While it would have been much better for the plaintiff to have described the land in the body of his pleadings, the description contained in the deeds filed with his pleadings will be regarded as sufficient.

R. O. BRASHEARS, for appellant.

THOS. D. TINSLEY and D. D. FIELDS, for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

Appellant filed his equitable action alleging that he and appellee were the joint owners, each owning one-half undivided interest, in a tract of land containing six hundred and fifty (650) acres, more or less.

He gave no description of the tract of land, except by reference to certain deeds alleged to be on record, copies of which were not filed.

Upon motion of defendant, a rule was awarded against plaintiff to show cause why he should not make more definite and certain the description of the land; thereupon the plaintiff filed an amended petition wherein he gave a general description by abuttals, and filed three copies of recorded deeds, the deeds giving description by metes and bounds of the various patents, which it is alleged the tract of land involved covers, so that the same might be identified by survey.

It is urged by appellee that the plaintiff's pleadings are so indefinite, uncertain and inconsistent, as that the court cannot ascertain from them what relief he seeks, or what relief they show him entitled to. It is true he alleges in his original petition that "said land is underlaid with a coal vein of considerable value, very near development, within 18 or 20 miles of Big Sandy & Ohio Railroad, at a place visible under a cliff; the vein faces 14 feet solid coal; that owing to the peculiar location of ridges, or situation of the land and said coal vein, it is not susceptible of a division equal in kind"; but we think this when carefully considered is not an allegation that the property cannot be divided without materially impairing its value; but is in effect an allegation that by reason of the location of the ridges and coal vein, it could not be divided so as to give each party an equal number of acres.

But the petition as amended, does contain all the material allegations necessary to a partition; it shows the names of all the parties having an interest in it, the interest of each party, and contains a prayer for the appointment of commissioners and a competent surveyor; and taken as a whole is a substantial compliance with the provisions of Section 499 of the Civil Code, prescribing the manner of procedure in partition suits.

While it would have been much better for the plaintiff to have described the land in the body of his pleadings, the description contained in the deeds filed with his pleadings will be regarded as sufficient

Judgment is reversed for further proceedings consistent herewith.